# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
June 23, 2009 Session

## WENDELL P. BAUGH, III, ET AL. v. HERMAN NOVAK, ET AL.

**Chancery Court for Williamson County**
**No. 32631**

**No. M2008-02438-COA-R3-CV**

**DISSENTING OPINION - Filed August 13, 2009**

I respectfully disagree with the majority holding in this case.

The Baughs (plaintiffs) have sued the Novaks (defendants) to enforce an indemnity agreement on the debt that plaintiffs incurred when they originally purchased the company from the Millers. The Millers had a stock transfer restriction in their contract with the Baughs.

The Baughs later sold 50% of the stock or 50% of their interest in the stock to the Novaks. The majority holds that this transaction violated the stock transfer restriction between the Millers and the Baughs and that the contract was therefore unenforceable on grounds of public policy. The Baughs and Novaks operated the business together for several years, filed tax returns indicating 50/50 ownership, and generally held themselves out to be co-owners.

The Novaks claim they were fraudulently induced into agreeing to the stock transfer, as they had no knowledge of the stock transfer restriction. T.C.A. § 48-16-208 states that "a [stock transfer] restriction is not enforceable against a person without knowledge of the restriction." The Novaks are attempting to benefit from the restriction between the Baughs and the original sellers. Generally, it is the corporation or another shareholder which seeks to enforce the transfer restriction.

I would hold that the Novaks were *bona fide* purchasers without knowledge of the restriction.

_____
ALAN E. HIGHERS, P.J., W.S.